IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:01CR14

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>CHARLES WILLIAM MOORE, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Downward Departure, filed January 9, 2006, and Second Motion for Downward Departure, filed January 23, 2006.[1] [Documents ## 42, 43].

On November 15, 2001, Defendant pled guilty to a charge of bank robbery, in violation of 18 U.S.C. § 2113. On February 12, 2002, this Court sentenced Defendant to 50 months imprisonment. Judgment was entered on March 1, 2002. Defendant did not file an appeal but on October 15, 2002, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. In an Order dated February 6, 2003, this Court dismissed Defendant's Motion to Vacate. Subsequently, on July 11, 2005, the Court held a hearing, at which Defendant's supervised release was revoked and Defendant was sentenced to eleven (11) months imprisonment for his supervised release violation. Citing to Rule 35 and 18 U.S.C. § 3742, Defendant now asks the Court to revise this eleven month sentence based on "victim conduct and aberrant behavior."

---

[1] The only difference between the Motion filed January 9, 2006 and the one filed January 23, 2006 is a note from Defendant, indicating that one Motion is for Judge Voorhees and the other Motion is for the Clerk of Court. However, since the Clerk of Court cannot rule on Defendant's Motion, both Motions were docketed and will be decided by the Court here.

1

Title 18, United States Code, Section 3742 applies to appeals of a sentence made to an appeals court. Since Defendant is asking this Court to modify his sentence, Section 3742 is inapplicable. With regard to Rule 35 of the Federal Rules of Criminal Procedure, only the Government may bring a Rule 35 motion for a reduction of sentence. FED. R. CRIM. P. 35(b); *United States v. Hayes*, 983 F.2d 78, 81 (7th Cir. 1992); *see also United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998), *cert denied*, 528 U.S. 1082 (2000); *United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993). Additionally, the Government may bring a Rule 35 motion in limited circumstances, which include that the defendant provide substantial assistance one year or more after the sentence is imposed and that the information provided was not available to the defendant until one year or more after sentencing. *See* FED. R. CRIM. P. 35(b).

The Government, not a defendant or the Court, makes the initial determination as to whether a defendant has provided substantial assistance after sentencing. Moreover, the limited circumstances in which the Court is permitted to make inquiry into the Government's failure to file a Rule 35 motion do not exist in this case.[2]

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Downward Departure is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Downward Departure is hereby **DENIED.**

---

[2]*See Wade v. United States*, 504 U.S. 181, 183 (1992) (permitting a court to inquire into the Government's refusal to file a Rule 35 motion only where a defendant has made a threshold showing that the Government's failure to file is: (1) in breach of an obligation under the plea agreement; or (2) either based on a unconstitutional motive or not rationally related to any Governmental end).

Signed: April 20, 2006

Richard L. Voorhees
Chief United States District Judge